# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Crim Action No. 03-20137-01-KHV** |
| v. ) | |
| ) | **Civil Action No. 05-3474-KHV** |
| **SHAD FISH,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## ORDER

This matter is before the Court on defendant's Motion For Habeas Corpus Pursuant To 28 U.S.C. § 2255 (Doc. #67) filed December 19, 2005.

On October 18, 2005, the Court sentenced defendant. On November 28, 2005, the Court sustained defendant's motion for extension of time to file an appeal. On November 29, 2005, defendant filed his notice of appeal. Defendant now has filed a motion to vacate his sentence under Section 2255. Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a Section 2255 motion while a direct appeal is pending. See United States v. Scott, 124 F.3d 1328, 1330 (10th Cir. 1997); United States v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1993); Advisory Committee Note to Rule 5 of the Rules Governing § 2255 Proceedings. The Court therefore overrules defendant's motion as premature.[1]

---

[1] The Court need not address whether it has jurisdiction to entertain defendant's motion, because it would decline to do so in any event. Compare United States v. Hurd, 176 F.3d 490, 1999 WL 285921, at *1-2 (10th Cir. May 7, 1999) (district court without jurisdiction to hear Section 2255 motion while appeal pending) with Advisory Committee Note to Rule 5 of the Rules Governing § 2255

(continued...)

**IT IS THEREFORE ORDERED** that defendant's Motion For Habeas Corpus Pursuant To 28 U.S.C. § 2255 (Doc. #67) filed December 19, 2005 be and hereby is **OVERRULED**.  Defendant may re-file his motion after his direct criminal appeal is concluded.

The Clerk is directed to send a copy of this Order to defendant and all counsel of record.

Dated this 5th day of January, 2006, at Kansas City, Kansas.

                                       s/ Kathryn H. Vratil
                                       KATHRYN H. VRATIL
                                       United States District Judge

---

[1](...continued)
Proceedings (no jurisdictional bar to Section 2255 motion pending appeal).  Moreover, because defendant can re-file his motion after his direct appeal is concluded, he is not prejudiced by the Court's decision to overrule his motion as opposed to deferring ruling until his appeal concludes.  See United States v. Bey, 208 F.3d 227, 2000 WL 217059, at *2 (10th Cir. Feb. 21, 2000) (Section 2255 motion not successive motion where it was first Section 2255 motion filed after conclusion of direct criminal appeal).