# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Crim Action No. 03-20137-01-KHV |
| v. | ) | |
| | ) | Civil Action No. 07-2203-KHV |
| SHAD FISH, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate,</u> <u>Set Aside, Or Correct Sentence By a Person In Federal Custody</u> (Doc. #83) filed May 11, 2007, defendant's <u>Pro Se Request for A Custody Modification Order</u> (Doc. #94) filed August 20, 2007, and defendant's <u>Motion For Evidentiary Hearing</u>. (Doc. #93) filed August 20, 2007. After carefully considering the parties' briefs, the Court finds that defendant is entitled to an evidentiary hearing on his motion.

## Procedural History

On January 12, 2005, the government charged defendant with one count of fraudulent use of an access device in violation of 18 U.S.C. § 1029(a)(5). (Doc #32). On February 7, 2005, defendant pled guilty pursuant to a plea agreement. On October 18, 2005, the Court held a sentencing hearing. Defendant raised several objections to the presentence report, including an objection to treatment of prior convictions in Johnson County, Kansas (Case No. 01 CR 1589) for identity theft and in Buchanan County, Missouri (Case No. 03 CR 75287-01) for forgery and stealing. Defendant argued that the two cases were part of the relevant conduct in this case. The Court sustained the objection, resulting in a reduction in the criminal history score from IV to II.

The Presentence Investigation Report ("PSIR") noted that if the Court treated the prior convictions as relevant conduct, Section 5G1.3 of the United States Sentencing Guidelines ("U.S.S.G.") would come into play.  Section 5G1.3 is designed "to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence."  Witte v. United States, 515 U.S. 389, 405 (1995) (where defendant's related crimes are not prosecuted in same proceeding, Section 5G1.3 attempts to achieve some coordination of sentences with eye toward having punishments approximate total penalty that would have been imposed if all offenses had been prosecuted in single proceeding).  The version of Section 5G1.3(b) which was in effect at the time of sentencing provided as follows:

> If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction ... and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

The PSIR stated that if the Court determined that the state cases were relevant conduct, the increased loss of $9,040.57 would not increase the offense level, and, therefore, Section 5G1.3(b) would not apply.  Rather, it stated that under Section 5G1.3(c), the Court could impose a sentence "to run concurrently, partially concurrent, or consecutively" to the undischarged term of imprisonment.[1]

---

[1]     The PSIR stated that the "district courts do not have jurisdiction to grant credit for prior custody," but correctly noted that the "guideline provisions of U.S.S.G. Section 5G1.3 provide
(continued...)

During the sentencing hearing, defendant asked about the interaction of his state and federal sentences, as follows:

> THE DEFENDANT:  My question would just be whether I would -- whether I would receive credit under 5G1.3C for relevant conduct time that I've served.

> THE COURT:  Well, as I understand it, the sentence in Buchanan County is ordered to run concurrently with any sentence that this Court might impose.

> THE DEFENDANT:  My understanding was that the state judge doesn't have the authority to determine how a federal sentence is run. To be honest with you, when he said that, that's out of context, I had two state sentences and he wanted them to run concurrently. He wasn't aware that I had a federal sentencing pending.

> MR. HALL:  Your Honor, the law in Missouri is that, unless a sentence is expressly designated in the judgment to be consecutive to any other sentence, it is deemed by law to be concurrent to any sentencing not existing. And that court, having pronounced sentence, no longer has jurisdiction to sentence consecutive to federal sentence.  This Court has that authority.

> THE COURT:  So you believe that by virtue of the operation of law, the time served in the Buchanan County case would be concurrent with this.

> MR. HALL:  Yes, I do.

> THE COURT:  Okay.  That's my understanding.  And basically what the Probation Office tells me, I would expect that once sentence is imposed here, you'll be released from custody and allowed -- basically tendered over to the federal authorities for your sentence.  And I would expect that would probably happen with the Johnson County case too.  So as a practical matter, I don't get to say anything about the credit for time served because that's something that the Bureau of Prisons does.  I tell them what I think the sentence should be and they deal with the time served credits, but

---

[1](...continued)
the court with the authority to adjust the guideline sentence based on an undischarged term of imprisonment."  PSIR, Paragraphs 176-77.

I think the scenario that we just outlined is what will happen.[2]

Transcript of Sentencing Hearing (Doc. #75) at 39.

Defendant's total offense level was 23, with a criminal history category of II, for a guideline range of 51-63 months. The Court sentenced defendant to 57 months in prison. The judgment and commitment order did not specify whether the sentence was to be concurrent with the state sentences, and the Court did not reduce the sentence to reflect the time which defendant had served on the state sentences.

On November 3, 2005, defendant filed a Motion to Correct Sentence (Doc. #57) under Rule 35(a). In his Rule 35 motion, defendant noted that the Court had stated that defendant's sentence would be concurrent with the undischarged state sentences, but left the adjustment of the sentence to the Bureau of Prisons. Defendant argued that to ensure fully concurrent sentencing, the Court should adjust the sentence because 18 U.S.C. § 3585(b) prohibits the Bureau of Prisons from granting credit for time that has been credited to another sentence. See Bureau of Prisons' Sentence Computation Manual at 1-17 (credit will not be given for any portion of time spent serving another sentence); United States v. Dorsey, 166 F.3d 558 (3d Cir. 1999). Thus, defendant argued that the Court should subtract the time (at that point, 27 months) which defendant had already served on the Missouri sentence, for a corrected sentence of 30 months. Doc. #57 at 2 (citing U.S.S.G. § 5G1.3, Commentary, Application Note 2).

On November 7, 2005, the Court overruled defendant's untimely Rule 35 motion for lack

---

[2]        Because defendant was before the federal court on a *Writ of Habeas Corpus ad Prosequendum*, he was still technically in state custody and receiving credit on his state sentence throughout his federal prosecution. And because defendant was not technically in federal custody during his federal prosecution, the Bureau of Prisons could not award defendant federal credit for that period of time. 18 U.S.C. § 3585(b).

of jurisdiction.  Doc. #58.  On November 28, 2005, defendant submitted a *pro se* motion for extension of time to file a notice of appeal.  Doc. #59.  On November 29, 2005, the Court granted the defendant's request and directed the Clerk to file a Notice of Appeal.  Doc. #60.

On March 13, 2006, the United States filed a motion to enforce the plea agreement in the Tenth Circuit Court of Appeals.  Case No. 05-3457.  On March 27, 2006, defendant's appointed counsel filed a motion to withdraw as counsel for defendant based on a potential conflict of interest because defendant claimed that he had received ineffective assistance of counsel.  In response to the motion to enforce the plea agreement, plaintiff *pro se* argued that he was denied effective assistance of counsel.  Specifically, defendant contended that he agreed to waive his right to appeal his sentence because his attorney told him that he could file a Rule 35 motion to correct any sentencing errors.  The Tenth Circuit found that defendant's claim of ineffective assistance of counsel could be best handled in a collateral attack and dismissed defendant's appeal.  See Order (Doc. #78) at 2 (defendant's contention that counsel's mistakes led him to agree to appellate waiver does not present rare situation where it is appropriate to address ineffective assistance of counsel on direct appeal).

Defendant argues that the waiver of collateral attack does not apply because he received ineffective assistance of counsel when negotiating the agreement.  Defendant specifically asserts that counsel erroneously advised him that his sentence would be concurrent to the state sentences under Section 5G1.3(b) of the Guidelines.  Further, defendant asserts that counsel assured him that he could ask the Court to correct any sentencing errors under Rule 35.  Finally, defendant states that counsel told him that even if the Court did not impose a concurrent sentence, such an error would constitute an "upward departure" – appeal of which was not waived in the plea agreement.  Defendant asserts that based on this misunderstanding he agreed to waive his right to appeal his sentence.  On the

merits, defendant notes that at sentencing, the Court stated that defendant's federal sentence would run concurrent to his state sentences.  The judgment and commitment order, however, does not include any reference to a concurrent sentence.  Under 18 U.S.C. § 3585(b), the Bureau of Prisons is not authorized to award credit for time served on another sentence.  Defendant therefore asks the Court to reduce his federal sentence to reflect the Court's stated intent that his sentence run concurrently to his undischarged state sentences for relevant conduct.

## Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).  To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974). A hearing in a Section 2255 proceeding is not required unless (1) defendant alleges specific and particularized facts which, if true, would entitle him to relief and (2) the motion and the files and records of the case do not conclusively show that defendant is entitled to no relief.  See 28 U.S.C. § 2255; United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by the record).

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable.  United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001).  The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his

rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.  United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir.2004) (en banc); see United States v. McMillon, No. 02-20062-01-JWL, 2004 WL 2660641, at *3 (D. Kan. Nov. 19, 2004).

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement.  United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004).  The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered his plea.  United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004).  The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant.  Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part:

Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 10.  Attachment 1 to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #40).  The scope of the waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's sentence.  A plea agreement waiver of postconviction rights does not waive the right to bring a Section 2255 petition based on ineffective

-7-

assistance of counsel claims challenging the validity of the plea or the waiver.  <u>Cockerham</u>, 237 F.3d at 1187.  In this case, defendant challenges the validity of the waiver with his claim that counsel essentially coerced him into making the waiver by erroneously advising him that (1) his federal sentence would necessarily run concurrent to the state sentences and (2) if the Court did not so rule, defendant could ask the Court to correct that error under Rule 35.  This claim directly attacks the validity of the plea and waiver, and thus falls outside the scope of the waiver in the plea agreement.[3]  <u>See</u> <u>United States v. Ellis</u>, No. 03-20122, 2005 WL 2035055, at *2 (D. Kan. Aug. 23, 2005).

As noted above, defendant contends that he told his attorney that he did not want to waive his right to appeal a decision by the Court not to impose a federal sentence concurrent to undischarged state sentences in Kansas and Missouri.  Defendant asserts that defense counsel assured him that his federal sentence would automatically run concurrent to his undischarged state sentences.  Defendant states that counsel explained that the sentences would be concurrent because the underlying criminal conduct in the state cases was the same conduct as the federal offense and that it had been "fully taken into account" in determining the total offense level as required by U.S.S.G. § 5G1.3(b).  Defendant asserts that defense counsel told him that if the Court did not apply U.S.S.G. § 5G1.3(b), defendant could appeal the sentence because it would constitute an "upward departure" which the plea agreement specifically stated was outside the waiver.  Defendant also asserts that his attorney  advised him that if the Court made a mistake at sentencing or did not sentence him in accord with the Guidelines pursuant to the plea agreement, defendant could seek a correction through a Rule 35 motion.  Defendant asserts that based on these representations by counsel, he agreed to

---

[3]     Liberally construed, defendant's Section 2255 motion also asserts a claim that his counsel was ineffective when he filed an untimely Rule 35 motion.  This claim fails within the scope of the waiver.

waive his right to appeal his conviction and sentence.

Defendant's claim as to counsel's advice cannot be conclusively resolved on the record before the Court.  The Court will therefore hold a hearing on the matter.

Defendant filed his Section 2255 motion *pro se*.  Rule 8(c) of the Rules Governing Section 2255 Proceedings states that "[i]f an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g)."  Defendant originally qualified for appointment of counsel in this case under 18 U.S.C. § 3006A(g) and the government does not suggest that his financial circumstances have changed.  The Court's initial determination that defendant is financially unable to obtain counsel is still valid.  The Court therefore will appoint counsel to represent defendant on his claim of ineffective assistance of counsel.

Finally, on August 20, 2007, defendant asked the Court to order that he remain in custody at the CCA Detention Center in Leavenworth, Kansas pending resolution of his Section 2255 motion.  See Pro Se Request for A Custody Modification Order(Doc. #94).  Shortly after defendant filed his motion, however, he was transferred to the federal prison complex at Texarkana, Texas.  His motion for custody modification is therefore moot.

**IT IS THEREFORE ORDERED** that defendant's Motion For Evidentiary Hearing (Doc. # 93) filed August 20, 2007 be and hereby is **SUSTAINED**.  On November 26, 2007 at 1:30 p.m., the Court will hold an evidentiary hearing on defendant's claim of ineffective assistance of counsel based on counsel's advice regarding the waiver of appeal and collateral attack rights.  The government is directed to secure the attendance of attorney Kenton Hall at the hearing.

**IT IS FURTHER ORDERED** that defendant's Pro Se Request for A Custody Modification Order (Doc. #94) filed August 20, 2007 be and hereby is **OVERRULED** as moot.

Dated this 4th day of October, 2007, at Kansas City, Kansas.

s/Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge